332 P.2d 1018

**STATE HIGHWAY COMMISSION of New Mexico, and L. D. Wilson, Chief Highway Engineer, Plaintiffs-Appellants,**

v.

**MOUNTAIN STATES TELEPHONE & TELEGRAPH COMPANY, a Colorado Corporation, Defendant-Appellee.**

No. 6424.

Supreme Court of New Mexico.

Nov. 14, 1958.

Rehearing Denied Dec. 30, 1958.

Fred M. Standley, Atty. Gen., Robert F. Pyatt, Asst. Atty. Gen., John T. Watson, Charles C. Spann, Robert E. Fox, Sp. Asst. Attys. Gen., Moise, Sutin & Jones, Albuquerque, for appellant.

Bigbee & Stephenson, Santa Fe, Akolt, Turnquist, Shepherd & Dick, Luis D. Rovira, Denver, Colo., for appellee.

Nordhaus & Moses, Albuquerque, Hartley, Buzzard & Patton, Clovis, Frank L. Horan, Malcolm W. deVesty, Paul F. Henderson, Jr., Thomas N. Keltner, Albuquerque, amici curiae.

SHILLINGLAW, Justice.

This is a declaratory judgment action brought by the State Highway Commission of New Mexico and its Chief Highway Engineer against the Mountain States Telephone & Telegraph Co. to determine the constitutionality of Chapter 237 of the Laws of 1957, § 55–7–18, N.M.S.A.1953, and the obligation of the State Highway Commission, if any, to reimburse the defendant for the cost of relocating its utility lines required because of the widening and improving of a state highway.

The plaintiffs have refused to reimburse the defendant, contending that such reimbursement would be repugnant to the Constitution of the State of New Mexico, payments violating:

1) Article IX, § 14 which prohibits a donation of state funds in aid of a private corporation;

2) Article IV, § 32 which prohibits the release of an existing obligation;

3) Article IV, §§ 16 and 30 since the Act does not specify the sum appropriated and leaves the extent of the appropriation and the payment thereof to be determined by the Bureau of Public Roads; and

4) Article IV, § 18 because the Act extends the provisions of the Federal-Aid Highway Act of 1956, 23 U.S.C.A. § 151 et seq. by reference to its title only.

The cause was heard below before the Hon. David W. Carmody who found that the Act did not violate any of the constitutional provisions mentioned and from such adverse judgment the plaintiff Highway Commission has appealed to this court.

In the case of State Highway Commission v. Southern Union Gas Company, 65 N.M. 84, 332 P.2d 1007, we held that subsections B and D of § 1 of this Act were repugnant to Art. IX, § 14 of the Constitution of New Mexico which prohibits a donation of state funds in aid of a private corporation. For the reasons more fully set out in that opinion, the judgment of the lower court is reversed and the cause is remanded with instructions to enter a judgment declaring that the appellant State Highway Commission is under no obligation to reimburse the Mountain States Telephone & Telegraph Co. for relocation of

utility facilities as contemplated by Chapter 237 of the Laws of 1957.

It is so ordered.

McGHEE and COMPTON, JJ., and J. V. GALLEGOS, D. J., concur.

LUJAN, C. J., not participating.

SADLER, J., not participating because of illness.